ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 01 2007 ★

BROOKLYN OFFICE

CV 07  4095

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA and GRZEGORZ SOCHON on behalf of
themselves and on behalf of all others similarly situated,

BLOCK, J.

Docket No. GOLD, M.J.

Plaintiffs,

**CLASS ACTION
COMPLAINT**

-against-

**JURY TRIAL
DEMANDED**

WHITESTONE CONSTRUCTION CORP., WHITESTONE
CONSTRUCTION SVC, 59th STREET REALTY, INC.,
ASTOR REALTY CORP., BEL-I REALTY CORP., TINRON
ENTERPRISES INC., DURABUILD ENTERPRISES,
INC., DURABUILD CONTRACTING, INC., DURABUILD
CONTRACTING CORP., CITYWIDE ENVIRONMENTAL
SERVICES, LLC., BORIS GRZIC, CLAUDIA GRZIC,
STEVEN GRZIC, CHRISTINE GRZIC, VIRGINIA PAPA,
DARIUSZ KRUPA and JOZEF NOWAK

Defendants.

----------------------------------------------------------------------X

## COMPLAINT

1.   Plaintiffs, Jozef Kozik ("Kozik"), Waldemar Jablonski ("Jablonski"), Marek

Muzyka ("Muzyka") and Grzegorz Sochon ("Sochon"), (collectively, the

"Plaintiffs"), individually and on behalf of others similarly situated, by their

attorneys, Robert Wisniewski P.C., as and for their Complaint against the

Defendants, Whitestone Construction Corp. ("Whitestone Construction Corp."),

-1-

Whitestone Construction Svc. ("Whitestone Construction Svc."), 59th Street

Realty Inc., ("59th Street Realty"), Astor Realty Corp. ("Astor Realty"), Bel-I

Realty Corp. ("Bel-I Realty"), Tinron Enterprises Inc., ("Tinron Enterprises"),

Durabuild Enterprises, Inc. ("Durabuild Enterprises"), Durabuild Contracting,Inc.

("Durabuild Inc."), Durabuild Contracting, Corp. ("Durabuild Corp."), Citywide

Environmental Services, LLC ("Citywide"). (collectively, the "Corporate

Defendants"), Boris Grzic ("Grzic B."), Claudia Grzic ("Grzic Cl."), Steven Grzic

("Grzic S."), Christine Grzic ("Grzic Ch."), Virginia Papa ("Papa"), Dariusz

Krupa ("Krupa") Jozef Nowak ("Nowak"), (collectively, the "Individual

Defendants") state as follows:

## NATURE OF THE ACTION

2.     Plaintiffs on behalf of themselves and others similarly situated (See **Exhibit 1**)

bring this action to recover unpaid wages, unpaid overtime wages, liquidated

damages and reasonable attorneys' fees under the Fair Labor Standards Act of

1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the Portal-to-Portal Act of

1947, §4(a)(1,2) , 29 U.S.C.A.§ 254 (a)(1,2) ("Portal to Portal Act"), the New

York Minimum Wage Act (New York State Labor Law Articles 6 and 19)

("NYMWA"), New York State Labor Law ("Labor Law") § 198-b, §193 and New

York state common law.

3.     The Individual Defendants are the officers, shareholders, managers and/or

majority owners of the Corporate Defendants, which provide services in the area

of construction to the public as well as on city, state and federal public job sites

within the tri- state area.  Plaintiffs have been employed by the Corporate

Defendants as carpenters and/or iron workers, who regularly worked over 40

hours per week, but were not compensated properly for the hours they worked and

the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.  Plaintiffs, at all relevant times herein, were and are residents of the State of New

York, County of Queens, except that Plaintiff Muzyka presently resides in the

State of New Jersey, County of Union and that Plaintiff Kozik presently resides in

Poland.

5.  The Corporate Defendants at all relevant times herein, were and are domestic

business corporations and/or limited liability companies duly organized under,

and existing by virtue of, the laws of the State of New York, and having their

principal place of business within the State of New York.

6.  The Individual Defendants at all relevant times herein were and still are residents

of the State of New York, County of Queens and County of New York.

7.  The Individual Defendants are the officers, directors, managers and/or majority

shareholders or owners of the Corporate Defendants and as any of the ten largest

shareholders are individually responsible for unpaid wages under the New York

Business Corporation Law (See **Exhibit 2**).

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337

(Regulation of Commerce). This Court has jurisdiction over the Plaintiffs' state

law claims pursuant to 28 U.S.C. §1367.

9.      The Defendants engage in an enterprise whose annual volume of sales made or

business done is not less than $500,000.00, the activities of which affect interstate

commerce in that the employees of said Defendants handle, sell or otherwise work

on goods or materials that have been moved in or produced for interstate

commerce, and Defendants are thus employers subject to the jurisdiction of the

FLSA.

10.     This Court has personal jurisdiction over the Corporate Defendants and the

Individual Defendants in that all Defendants are the citizens and residents of the

State of New York.

11.     This Court is a proper venue for this action, pursuant to, among other grounds,

28 U.S.C. § 1391(b).

## JURY DEMAND

12.     Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

13.     Plaintiffs and others similarly situated have been employees of the Corporate

Defendants during the six years immediately preceding the initiation of this action

and have performed labor and services as manual workers, carpenters, iron

workers and laborers, but until August of 2005 when Plaintiffs became unionized,

Plaintiffs did not receive the compensation required by the FLSA, the NYMWA,

and regulations promulgated by the Department of Labor's Wage and Hour

Division and/or the common law of the State of New York.

-4-

14.   The Corporate Defendants are domestic business corporations, which are engaged in provision of goods and services relating to the construction in the city of New York and its environs.

15.   Plaintiff Kozik was employed by the Corporate Defendants as a carpenter from approximately 2001 through September 15, 2006, and brings this claim for the period from approximately 2001 through August of 2005.

16.   Plaintiff Muzyka was employed by the Corporate Defendants as a carpenter from approximately June of 2003 through August of 2006, and brings this claim for the period June of 2003 through August of 2005.

17.   Plaintiff Jablonski was employed by the Corporate Defendants as a carpenter from approximately March of 2002 through September 30, 2005, and brings this claim for the period March of 2002 through August of 2005.

18.   Plaintiff Sochon was employed by the Corporate Defendants as a carpenter and/or iron worker from approximately January of 2002 through January of 2005.

19.   Plaintiffs and others similarly situated regularly worked at least 40 hours per week but were not paid for all the time they worked for the Corporate Defendants.

20.   Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week but were not paid the proper overtime rate under the Federal and New York State law and the wage orders promulgated thereunder.

21.   Plaintiffs were misclassified as laborers and paid the prevailing wage for a laborer by the Corporate Defendants despite performing services as carpenters and/or iron workers.

22.     At all times herein, Defendant Whitestone Construction Corp. was and still is a
domestic business corporation duly organized under, and existing by virtue of, the
laws of the State of New York, and presently having its principal place of business
at 50-52 49th Street, Woodside NY, 11377.

23.     At all times herein, Defendant Whitestone Construction Svc. was and still is a
domestic business corporation duly organized under, and existing by virtue of, the
laws of the State of New York, and presently having its principal place of business
at 50-52 49th Street, Woodside NY, 11377.

24.     At all times herein, Defendant 59th Street Realty was and still is a domestic
business corporation duly organized under, and existing by virtue of, the laws of
the State of New York, and presently having its principal place of business at 50-
52 49th Street, Woodside NY, 11377.

25.     At all times herein, Defendant Astor Realty was and still is a domestic business
corporation duly organized under, and existing by virtue of, the laws of the State
of New York, and presently having its principal place of business at 145-48 17th
Rd., Whitestone NY, 11357.

26.     At all times herein, Defendant Bel-I Realty was and still is a domestic business
corporation duly organized under, and existing by virtue of, the laws of the State
of New York, and presently having its principal place of business at 50-52 49th
Street, Woodside NY, 11377.

27.     At all times herein, Defendant Tinron Enterprises was and still is a domestic
business corporation duly organized under, and existing by virtue of, the laws of

the State of New York, and presently having its principal place of business at 12-24A 30th Ave., Long Island City NY, 11102.

28. At all times herein, Defendant Durabuild Enterprises was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 149-38 17th Ave, Whitestone, NY 11357.

29. At all times herein, Defendant Durabuild Inc. was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 36-09 34th Street, Long Island City, NY 11106.

30. At all times herein, Defendant Durabuild Corp. was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 36-09 34th Street, Long Island City, NY 11106.

31. At all times herein, Defendant Citywide was and still is a limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at Brooklyn Navy Yard, Building 274, Brooklyn, NY 11205.

32. At all times herein, the Corporate Defendants transacted and still transact substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

33. Upon information and belief, the Individual Defendants are officers, directors,

shareholders, managers, owners, agents and/or members of the Corporate Defendants.

34. At all times herein, the Individual Defendants have conducted business as the Corporate Defendants.

35. At all times herein, the Individual Defendants have acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as officers and/or agents of the Corporate Defendants, and have acted in the course and scope of their duties and functions as officers and/or agents of the Corporate Defendants.

36. Upon information and belief, the Corporate Defendants are the alter egos of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from the Individual Defendants, and, as a result, the Corporate Defendants and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

37. Upon information and belief, the Corporate Defendants are alter egos of each other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendants have no separate legal existence from each other, and, as a result, the Corporate Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

38. The Corporate Defendants bid upon, obtained and performed, publicly-financed projects, i.e., city, state and federal projects, as General Contractors and/or Subcontractors.

-8-

39.     The Corporate Defendants performed contracts entered into between them and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Corporate Defendants.

40.     When the Corporate Defendants entered into the aforesaid contracts to perform the work for which Plaintiffs provided labor, the Corporate Defendants were required, under the relevant law and/or contracts, to pay their employees, including the Plaintiffs, a "prevailing wage" that was specified in such contracts or was incorporated by reference into such contracts.

41.     Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

42.     At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiffs and others, or by virtue of their position with the Corporate Defendants have been responsible for the proper management and handling of the payroll and payroll calculations at the Corporate Defendants.

43.     The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

44.     The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their position as controlling owners, shareholders, directors,

officers and/or managers of the Corporate Defendants, have assumed personal liability for the claims of the Plaintiffs herein.

45.  The Corporate Defendants and the Individual Defendants are joint employers of Plaintiffs and as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

## CLASS ALLEGATIONS

46.  Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by the Corporate Defendants as carpenters and/or iron workers and performed work, labor and services but did not receive the compensation required by the FLSA, other provisions of the federal law, the NYMWA, and the common law of the State of New York.

47.  Upon information and belief, this class of persons consists of not less than three hundred (300) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

48.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage, prevailing wage and overtime requirements of the FLSA and the NYMWA and the common law of New York and whether Plaintiffs and others similarly situated suffered from Defendants' policy or plan not to pay proper wages, overtime wages and wage supplements. Only the amount of individual damages sustained by each class member will vary.

-10-

49.     The claims of the named Plaintiffs are typical of the claims of the above-described

        class in that all of the members of the class have been similarly affected by the

        acts and practices of the Corporate Defendants.

50.     The named Plaintiffs will fairly and adequately protect the interests of the

        members of the class, in that their interests are not adverse to the interests of the

        other members of the class.

51.     A class action is superior to other available methods for the fair and efficient

        adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

52.     The named Plaintiffs bring the first through the fourth claims for relief herein on

        behalf of themselves individually and all persons similarly situated as a class

        action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that

        the named Plaintiffs and all persons similarly situated have against the Defendants

        as a result of Defendants' violations under the FLSA, the Labor Law, other

        provisions of the Federal Law and the common law of the State of New York.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract against Corporate Defendants)**

53.     Plaintiffs repeat and reallege each and every allegation as previously set

        forth.

54.     Plaintiffs and all others similarly situated agreed to perform work and

        services as laborers for the Defendants.

55.     Plaintiffs and all others similarly situated satisfactorily supplied labor in

        connection with and in furtherance of the work required under the Corporate

-11-

Defendants' contracts with various governmental instrumentalities and in doing so, complied with the terms of their employment agreements with the Corporate Defendants and were therefore entitled to wages they rightfully earned while working for Corporate Defendants.

56.   The Defendants failed or refused to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants.

57.   The Defendants' failure or refusal to pay Plaintiffs and others similarly situated the wages to which they were entitled under their respective employment agreements with the Corporate Defendants constitutes a breach of Plaintiffs' employment agreements with the Corporate Defendants.

58.   That by virtue of the foregoing breach of contract by the Corporate Defendants, Plaintiffs and all others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and all others similarly situated should have been paid as contemplated by their respective employment agreements with the Corporate Defendants, less amounts actually paid to Plaintiffs and all others similarly situated, together with an award of interest, costs, disbursements, attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Third Party Beneficiary Claim)

59.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

-12-

60.  Plaintiffs and others similarly situated were persons covered by, or the
     intended third-party beneficiaries of, the contracts entered into by the Corporate
     Defendants with the various instrumentalities of city, state and federal government
     to perform work on public works, which were covered by the provisions of New
     York Labor Law and various federal laws.

61.  Defendants were required, under New York Labor Law and federal laws,
     to pay their employees, including Plaintiffs and others similarly situated, a
     "prevailing wage" that was specified in contracts entered into by Defendants or
     was incorporated by reference into such contracts.

62.  In accordance with the terms and conditions of the Corporate Defendants'
     contracts with various governmental instrumentalities, and the relevant provisions
     of the New York Labor Law and various federal laws relating to "prevailing
     wages" to be paid to employees of the Corporate Defendants, Plaintiffs and all
     others similarly situated should have been paid the prevailing wage and prevailing
     wage supplements for the work and labor Plaintiffs and all others similarly
     situated supplied in connection with and in furtherance of the work contemplated
     by such contracts.

63.  The Defendants knowingly and willfully failed or refused to pay Plaintiffs
     and all others similarly situated the prevailing wage and prevailing wage
     supplements for regular and overtime hours of work in connection with the
     execution of the Corporate Defendants's contracts with various governmental
     instrumentalities.

-13-

64.    The Defendants' failure or refusal to pay Plaintiffs and all others similarly
       situated the prevailing wage and prevailing wage supplements constitutes a
       material breach of the Corporate Defendants' contracts with various governmental
       instrumentalities.

65.    Defendants violated the provisions of New York Labor Law in that they
       failed to pay the Plaintiffs and others similarly situated the prevailing wages
       required under the relevant laws.

66.    Plaintiffs and others similarly situated did not receive the monies they
       were due as beneficiaries of the contracts entered into by Defendants, which
       provided for the payment of prevailing wages, and as a result, seek a judgment for
       damages based upon an accounting of the amount of monies Plaintiffs were paid
       and the amount Plaintiffs should have been paid in prevailing wages, together
       with an award of interest, costs, disbursements, attorneys' fees, as allowed by the
       relevant statutes and such other relief as the Court deems proper.

### THIRD CLAIM FOR RELIEF
### (NYMWA)

67.    Plaintiffs repeat each and every allegation previously made herein.

68.    Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law §§
       191-193; 198 and § 663 and the Wage Orders issued under the NYMWA at 12
       N.Y.C.R.R. §§ 137-143, Plaintiffs were entitled to certain hourly minimum
       wages, overtime wages, and other wages, all of which the defendants intentionally
       failed to pay in violation of such laws.

-14-

69.   Plaintiffs seek a judgment against all Defendants for all wages which should have been paid, but were not paid, pursuant to the NYMWA and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, each Plaintiff, along with an award of attorneys' fees, interest and costs as provided under the NYMWA and Labor Law §§ 193; 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (Portal to Portal Act)

70.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

71.   Plaintiffs bring this claim for relief on behalf of themselves and others similarly situated pursuant to the applicable provisions of the Portal-to-Portal Act of 1947, §4(a)(1,2) , 29 U.S.C.A.§ 254 (a)(1,2), Plaintiffs were entitled to be compensated for the travel time back and forth from the company's shop to various construction sites.

72.   Plaintiffs and others similarly situated were not paid for the travel time back and forth from the company's shop to various construction sites, and Defendants willfully failed to make said payments.

73.   Plaintiffs seek a judgment for unpaid wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs.

# FIFTH CLAIM FOR RELIEF
## (FLSA)

74.   Plaintiffs repeat and reallege each and every allegation previously set forth herein.

75.   Plaintiffs bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, Plaintiffs were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

76.   Plaintiffs worked more than forty hours per week for Defendants, and Defendants willfully failed to make said minimum wage and/or overtime payments.

77.   Plaintiffs seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs demand a trial by jury and judgment against all Defendants as follows:

[no more text on this page]

-16-

1.   Compensatory damages in an amount to be determined at trial, together with interest;

2.   Liquidated damages pursuant to the FLSA and Labor Law §198

3.   Punitive damages in an amount to be determined at trial;

4.   Plaintiffs' costs and reasonable attorneys' fees;


Together with such other and further relief that the Court deems just.

Dated: New York, New York
      September 24, 2007

ROBERT WISNIEWSKI P.C.

By: _____

Robert Wisniewski
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

To:
Whitestone Construction Corp.
50-52 49th Street
Woodside, NY 11377

Whitestone Construction Svc
50-52 49th Street
Woodside, NY 11377

59th Street Realty, Inc.
50-52 49th Street
Woodside, NY 11377

Astor Realty Corp.
145-48 17th Rd.
Whitestone, NY 11357

Bel-I Realty Corp.
50-52 49th Street
Woodside, NY 11377

-17-

Tinron Enterprises Inc.
12-24A 30th Ave
Long Island City, NY 11102

Durabuild Enterprises, Inc.
149-38 17th Ave
Whitestone, NY 11357

Durabuild Contracting, Inc.
36-09 34th Street
Long Island City, NY 11106

Durabuild Contracting Corp.
36-09 34th Street
Long Island City, NY 11106

Citywide Environmental
Services, LLC.
Brooklyn Navy Yard
Building 274
Brooklyn, NY 11205

Boris Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road, Apt.#805
Whitestone, NY 11357

Claudia Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road, Apt.#805
Whitestone, NY 11357

Steven Grzic
50-52 49th Street
Woodside, NY 11377

61 W. 74th Street, Apt. 2C
New York, NY 10023

Christine Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road
Whitestone, NY 11357

Jozef Nowak
50-52 49th Street
Woodside, NY 11377

5967 60th Lane, Apt. 7
Maspeth, NY 11378

Dariusz Krupa
149-38 17th Ave, #1
Whitestone, NY 11357

Virginia Papa
50-52 49th Street
Woodside, NY 11377

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI & ASSOCIATES P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI and MAREK
MUZYKA on behalf of themselves and on behalf of all others
similarly situated,

**Docket. No.:**

Plaintiffs,

-against-

WHITESTONE CONSTRUCTION CORP., WHITESTONE
CONSTRUCTION SERVICES, BORIS GRZIC, CLAUDIA GRZIC,
STEVEN GRZIC AND CHRISTINE GRZIC

Defendants

-------------------------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the
above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a
representative of others similarly situated and to make decisions on my behalf and on behalf of
others similarly situated concerning the litigation, the method and manner of conducting this
litigation, and all other matters pertaining to this lawsuit.

_JABLONSKI_
Print Name

_72-34  66th Str._
Address

_GLENDALE   NY  11385_
Address

_Sign Name_

_(718) 6288958_
Telephone

_05.25.07_
Date

TO:
ROBERT WISNIEWSKI P.C.
Attorneys at Law
225 Broadway, Suite 612 New York, NY 10007
(212) 267-2101

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI & ASSOCIATES P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI and MAREK
MUZYKA on behalf of themselves and on behalf of all others
similarly situated,

                                                    **Docket. No.:**
                              Plaintiffs,

        -against-

WHITESTONE CONSTRUCTION CORP., WHITESTONE
CONSTRUCTION SERVICES, BORIS GRZIC, CLAUDIA GRZIC,
STEVEN GRZIC AND CHRISTINE GRZIC

                              Defendants
----------------------------------------------------------------------X
        By my signature below, I hereby authorize the filing and prosecution of the
above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a
representative of others similarly situated and to make decisions on my behalf and on behalf of
others similarly situated concerning the litigation, the method and manner of conducting this
litigation, and all other matters pertaining to this lawsuit.

_MAREK MUZYKA_
Print Name

_148 ORCHARD St._
Address

_SUMMIT NJ. 07901_
Address

_Mark Muzy_
Sign Name

_908 273 6691_
Telephone

_05/25/07_
Date

TO:
ROBERT WISNIEWSKI P.C.
Attorneys at Law
225 Broadway, Suite 612 New York, NY 10007
(212) 267-2101

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI & ASSOCIATES P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA and GRZEGORZ SOCHON on behalf of themselves
and on behalf of all others similarly situated,

                                        Plaintiffs,                    **Docket. No.:**

                    -against-

WHITESTONE CONSTRUCTION CORP., WHITESTONE
CONSTRUCTION SVC, 59th STREET REALTY, ASTOR
REALTY CORP, BEL-I REALTY CORP, TINRON
ENTERPRISES INC. ,BORIS GRZIC, CLAUDIA GRZIC,
STEVEN GRZIC, CHRISTINE GRZIC, and JOZEF NOWAK

                                        Defendants

-------------------------------------------------------------------------X

        By my signature below, I hereby authorize the filing and prosecution of the
above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a
representative of others similarly situated and to make decisions on my behalf and on behalf of
others similarly situated concerning the litigation, the method and manner of conducting this
litigation, and all other matters pertaining to this lawsuit.

GRZEGORZ SOCHON
Print Name

53-24 METROPOLITAN AVE 18
Address

RIDGEWOOD NV 11385
Address

Sochon Grzegorz
Sign Name

1 (718) 456 8166
Telephone

06/18/07
Date

TO:
ROBERT WISNIEWSKI P.C.
Attorneys at Law
225 Broadway, Suite 612 New York, NY 10007
(212) 267-2101

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    Whitestone Construction Corp.
50-52 49th Street
Woodside, NY 11377

59th Street Realty, Inc.
50-52 49th Street
Woodside, NY 11377

Bel-I Realty Corp.
50-52 49th Street
Woodside, NY 11377

Whitestone Construction Svc
50-52 49th Street
Woodside, NY 11377

Astor Realty Corp.
145-48 17th Rd.
Whitestone, NY 11357

Tinron Enterprises Inc.
12-24A 30th Ave
Long Island City, NY 11102

PLEASE TAKE NOTICE, that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA, GRZEGORZ SOCHON and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts thereform on or after five (5) days from receipt of this notice.

Dated: New York, New York
September 20, 2007

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York 10007
(212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   Durabuild Enterprises, Inc.
149-38 17th Ave
Whitestone, NY 11357

Durabuild Contracting, Inc.
36-09 34th Street
Long Island City, NY 11106

Durabuild Contracting Corp.
36-09 34th Street
Long Island City, NY 11106


PLEASE TAKE NOTICE, that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA, GRZEGORZ SOCHON and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.


Dated: New York, New York
September 20, 2007


ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York 10007
(212) 267-2101

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   Citywide Environmental
      Services, LLC.
      Brooklyn Navy Yard
      Building 274
      Brooklyn, NY 11205

PLEASE TAKE NOTICE, that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA, GRZEGORZ SOCHON and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       September 20, 2007

ROBERT WISNIEWSKI P.C.

By: _____
    Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    BORIS GRZIC
       CLAUDIA GRZIC
       STEVEN GRZIC
       CHRISTINE GRZIC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA and GRZEGORZ SOCHON and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of WHITESTONE CONSTRUCTION CORP., WHITESTONE CONSTRUCTION SVC, 59th STREET REALTY, INC., ASTOR REALTY CORP., BEL-I REALTY CORP. and TINRON ENTERPRISES INC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       September 20, 2007

ROBERT WISNIEWSKI P.C.

By: _____
       Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   DARIUSZ KRUPA

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA and GRZEGORZ SOCHON and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of DURABUILD ENTERPRISES, INC., DURABUILD CONTRACTING, INC. and DURABUILD CONTRACTING CORP. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
September 20, 2007

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    The officers, shareholders, managers and/or majority owners of CITYWIDE ENVIRONMENTAL SERVICES, LLC.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK MUZYKA and GRZEGORZ SOCHON and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of CITYWIDE ENVIRONMENTAL SERVICES, LLC. for all debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
        September 20, 2007

ROBERT WISNIEWSKI P.C.

By: _____
      Robert Wisniewski (RW-5308)
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, New York  10007
(212) 267-2101

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI & ASSOCIATES P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 612
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI and MAREK
MUZYKA on behalf of themselves and on behalf of all others
similarly situated,

                                            **Docket. No.:**

                              Plaintiffs,

          -against-

WHITE STONE CONSTRUCTION CORP.,
BORIS GZIC, CLAUDIA GZIC, STEVEN GZIC
and CHRISTINE GZIC

                              Defendants
--------------------------------------------------------------------X

          By my signature below, I hereby authorize the filing and prosecution of the
above-styled Fair Labor Standards Act action under Section 216(b) of the FLSA and to act as a
representative of others similarly situated and to make decisions on my behalf and on behalf of
others similarly situated concerning the litigation, the method and manner of conducting this
litigation, and all other matters pertaining to this lawsuit.

_JOZEF KOZIK_
Print Name

_137 ENGERT AVE apt 2R_
Address

_BROOKLYN NY 11222_
Address

_Kozik Jozit_
Sign Name

_347-439-1766_
Telephone

_05.18. 2007_
Date

TO:
ROBERT WISNIEWSKI P.C.
Attorneys at Law
225 Broadway, Suite 612 New York, NY 10007
(212) 267-2101