UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA and GREZGORZ SOCHON on behalf of
themselves and on behalf of all others similarly situated,

                          Plaintiffs,

    -against-


WHITESTONE CONSTRUCTION CORP.,
WHITESTONE CONSTRUCTION SVC, 59TH STREET
REALTY, INC., ASTOR REALTY CORP.,
BEL-I REALTY CORP., TINRON ENTERPRISES, INC.,
DURABUILD ENTERPRISES, INC., DURABUILD
CONTRACTING INC., DURABUILD CONTRACTING CORP.,
CITYWIDE ENVIRONMENTAL SERVICES, LLC,
BORIS GRZIC, CLAUDIA GRZIC, STEVEN GRZIC,
CHRISTINE GRZIC, VIRGINIA PAPA,
DARIUSZ KRUPA and JOZEF NOWAK

                          Defendants.
------------------------------------------------------------------------

Case No. 07 CV 4095

**FRCP RULE 7.1**
**DISCLOSURE STATEMENT**

Pursuant to FRCP Rule 7.1 to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendants Whitestone Construction Svc., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc., Durabuild Enterprises, Inc. certify that said defendants have no corporate parents, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
November 27, 2007

GOETZ FITZPATRICK LLP

By: _____
Timothy B. Cummiskey (TBC 0552)
Attorneys for Defendants Whitestone Construction Corp., Whitestone Construction SVC., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc., Durabuild Enterprises, Inc., Boris Grzic, Claudia Grzic, Steven Grzic, Christine Grzic, Virginia Papa, Dariusz Krupa and Jozef Nowak
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK           Case No. 07 CV 4095
MUZYKA and GREZGORZ SOCHON on behalf of
themselves and on behalf of all others similarly situated,

                             Plaintiffs,                    **ANSWER**
     -against-

WHITESTONE CONSTRUCTION CORP.,
WHITESTONE CONSTRUCTION SVC, 59TH STREET
REALTY, INC., ASTOR REALTY CORP.,
BEL-I REALTY CORP., TINRON ENTERPRISES, INC.,
DURABUILD ENTERPRISES, INC., DURABUILD
CONTRACTING INC., DURABUILD CONTRACTING CORP.,
CITYWIDE ENVIRONMENTAL SERVICES, LLC,
BORIS GRZIC, CLAUDIA GRZIC, STEVEN GRZIC,
CHRISTINE GRZIC, VIRGINIA PAPA,
DARIUSZ KRUPA and JOZEF NOWAK

                             Defendants.
------------------------------------------------------------------X

      Defendants, Whitestone Construction Corp., Whitestone Construction Svc., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc., Durabuild Enterprises, Inc., Boris Grzic, Claudia Grzic, Steven Grzic, Christine Grzic, Virginia Papa, Dariusz Krupa and Jozef Nowak, by their attorneys, Goetz Fitzpatrick, LLP, as and for their answer to the complaint of the plaintiffs, state and allege as follows:

      1.     The answering defendants make no response to the allegations contained in paragraph 1 as no response is required.

2. The answering defendants make no response to the allegations contained in paragraph 2 as they are allegations of law to which no response is required. To the extent the allegations contained in paragraph 2 are allegations of fact, the answering defendants deny the allegations.

3. Deny the allegations contained in paragraph 3 of the complaint, except admit that plaintiffs were employed by Whitestone Construction Corp. for certain time periods and plaintiff Grzegorz Sochon was employed by Durabuild Enterprises, Inc. for a certain time period.

**AS AND FOR A RESPONSE TO PARTIES, JURISDICTION AND VENUE**

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Deny the allegations contained in paragraph 5 of the complaint, except admit that Whitestone Construction Corp., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc. and Durabuild Enterprises, Inc. are domestic and/or limited liability companies having their principal place of business in the State of New York.

6. Admit the allegations contained in paragraph 6 of the complaint that Boris Grzic, Claudia Grzic, Steven Grzic, Christine Grzic, Virginia Papa, Dariusz Krupa and Jozef Nowak are residents of the State of New York.

7. Deny the allegations contained in paragraphs 7, 8, 9, 10 and 11 of the complaint.

8. The answering defendants make no response to the allegations contained in paragraph 12 as no response is required.

## AS AND FOR A RESPONSE TO FACTUAL BACKGROUND

9. Deny the allegations contained in paragraph 13 of the complaint, except admit that plaintiffs Jozef Kozik ("Kozik"), Waldemar Jablonski ("Jablonski"), Marek Muzyka ("Muzyka") and Grzeorz Sochon ("Sochon") were employed by Whitestone Construction Corp. for certain time periods and Sochon was employed by Durabuild Enterprises, Inc. for a certain time period.

10. Deny the allegations contained in paragraph 14 of the complaint, except admit that defendants Whitestone Construction Corp., Astor Realty, Bel-I Realty and Tinron Enterprises are domestic corporations.

11. Deny the allegations contained in paragraph 15 of the complaint, except admit that Kozik was employed by Whitestone Construction Corp. for certain time periods.

12. Deny the allegations contained in paragraph 16 of the complaint, except admit that Muzyka was employed by Whitestone Construction Corp. for certain time periods.

13. Deny the allegations contained in paragraph 17 of the complaint, except admit that Jablonski was employed by Whitestone Construction Corp. for certain time periods.

14. Deny the allegations contained in paragraph 18 of the complaint, except admit that Sachon was employed by Whitestone Construction Corp. and Durabuild Enterprises, Inc. for certain time periods.

15. Deny the allegations contained in paragraphs 19, 20 and 21 of the complaint.

16. Admit the allegations contained in paragraph 22 of the complaint.

17. Deny the allegations contained in paragraph 23 of the complaint and aver that there is no entity identified by plaintiffs as "Whitestone Construction Svc.".

18. Deny the allegations contained in paragraph 24 of the complaint, and aver that 59th Street Realty, Inc. is not in the construction business and does not and never did employ the plaintiffs during any time period.

19. Admit the allegations contained in paragraph 25 of the complaint, but aver that Astor Realty Corp. is not in the construction business and does not and never did employ the plaintiffs during any time period.

20. Admit the allegations contained in paragraph 26 of the complaint, but aver that Bel-I Realty Corp. is not in the construction business and does not and never did employ the plaintiffs during any time period.

21. Admit the allegations contained in paragraph 27 of the complaint, but aver that Tinron Enterprises Inc. does not and never did employ the plaintiffs at any time period.

22. Deny the allegations contained in paragraph 28 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 29, 30, 31, 32, 33, 34 and 35 of the complaint as the allegations are vague and undefined as to each corporate defendant and each individual defendant.

24. Deny the allegations contained in paragraphs 36 and 37 of the complaint.

25. Deny the allegations contained in paragraphs 38, 39, 40 and 41 of the complaint, except admit that Whitestone Construction Corp. has bid upon and been awarded certain public construction work and aver that Whitestone Construction Corp. has complied with all applicable labor law requirements therein.

26. Deny the allegations contained in paragraphs 42, 43, 44 and 45 of the complaint.

## AS AND FOR A RESPONSE TO
## CLASS ALLEGATIONS

27. The answering defendants make no response to the allegations contained in paragraphs 46, 47, 48, 49, 50, 51 and 52 of the complaint as they are allegations of law to which no response is required. To the extent the allegations contained in paragraphs 46, 47, 48, 49, 50, 51 and 52 are allegations of fact, the answering defendants deny the allegations.

## ANSWERING THE FIRST CLAIM FOR RELIEF

28. In response to paragraph 53 of the complaint, the answering defendants repeat, reiterate and reallege each and every answer contained in paragraphs 1 through 27 of this Answer with the same force and effect as though fully set forth herein.

29. Deny the allegations contained in paragraphs 54 and 55 of the complaint, except admit that plaintiffs Kozik, Jablonski, Muzyka and Sochon were employed by Whitestone Construction Corp. for certain time periods and defendant Sochon was employed by Durabuild Enterprises, Inc. for a certain time period and were paid the applicable wages.

30. Deny the allegations contained in paragraphs 56, 57 and 58 of the complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

31. In response to paragraph 59 of the complaint, the answering defendants repeat, reiterate and reallege each and every answer contained in paragraphs 1 through 30 of this Answer with the same force and effect as though fully set forth herein.

32. Deny the allegations contained in paragraph 60 of the complaint.

33. Deny the allegations contained in paragraphs 61 and 62 of the complaint, except admit that the answering defendants are aware of the legal obligation to prevailing wage rates and on public work contracts.

34. Deny the allegations contained in paragraphs 63, 64, 65 and 66 of the complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF

35. In response to paragraph 67 of the complaint, the answering defendants repeat, reiterate and reallege each and every answer contained in paragraphs 1 through 34 of this Answer with the same force and effect as though fully set forth herein.

36. Deny the allegations contained in paragraph 68 of the complaint, except admit that the answering defendants are aware of the legal obligation to pay certain hourly minimum and overtime wages under the applicable labor law.

### ANSWERING THE FOURTH CLAIM FOR RELIEF

37. In response to paragraph 70 of the complaint, the answering defendants repeat, reiterate and reallege each and every answer contained in paragraphs 1 through 36 of this Answer with the same force and effect as though fully set forth herein.

38. Deny the allegations contained in paragraphs 71, 72, and 73 of the complaint.

### ANSWERING THE FIFTH CLAIM FOR RELIEF

39. In response to paragraph 74 of the complaint, the answering defendants repeat, reiterate and reallege each and every answer contained in paragraphs 1 through 38 of this Answer with the same force and effect as though fully set forth herein.

40. Deny the allegations contained in paragraph 75 of the complaint, except admit that the answering defendants are aware of the legal obligation to pay certain minimum wage and overtime wages under the applicable labor law.

41. Deny the allegations in paragraphs 76 and 77 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. The complaint is barred by the doctrines of estoppel and waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. The complaint is barred by the statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. The complaint is barred because plaintiffs were paid all applicable prevailing wages, overtime wages and fringe benefits.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. The complaint is barred by the doctrine of laches.

WHEREFORE, the answering defendants demand judgment dismissing the Complaint in its entirety, together with costs of this action and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 27, 2007

                          GOETZ FITZPATRICK, LLP

                          By: _____
                               Timothy B. Cummiskey (TBC 0552)
Attorneys for Defendants Whitestone Construction Corp.
Whitestone Construction SVC., 59th Street Realty, Inc., Astor
Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc.,
Durabuild Enterprises, Inc., Boris Grzic, Claudia Grzic,
Steven Grzic, Christine Grzic, Virginia Papa, Dariusz Krupa
and Jozef Nowak
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

8

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 27, 2007, I caused a copy of the Answer of defendants Whitestone Construction Corp., Whitestone Construction Svc., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises, Inc., Durabuild Enterprises, Inc., Boris Grzic, Claudia Grzic, Steven Grzic, Christine Grzic, Virginia Papa, Dariusz Krupa and Jozef Nowak and Rule 7.1 Disclosure Statement to be served by regular mail upon:

>Robert Wisniewski, Esq.
>Robert Wisniewski, P.C.
>Attorney for Plaintiffs
>225 Broadway, Suite 612
>New York, New York 10007

_____
Timothy B. Cummiskey

Sworn to before me this
27 day of November, 2007

_____
Notary Public

MORDY MANDELL
Notary Public, State of New York
No. 02MA5042487
Qualified in Kings County
Commission Expires June, 13, 2011