ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA, GRZEGORZ SOCHON, SEBASTIAN KOPACZ,
RAFAL PYCIOR, LESLAW MACIAG, ARTUR GARBACKI,
PIOTR SZYSZKA, JOZEF KONEFAL, DARIUSZ PIATEK,
RAFAL WIT and ION NANU on behalf of themselves and
on behalf of all others similarly situated,

|  |  |
|---|---|
|  | **Docket No.: 07-4095 (FB)(SMG)** |
| Plaintiffs, | **CLASS ACTION C O M P L A I N T** |
| -against- | **JURY TRIAL DEMANDED** |

WHITESTONE CONSTRUCTION CORP., WHITESTONE
CONSTRUCTION SVC, 59th STREET REALTY, INC.,
ASTOR REALTY CORP., BEL-I REALTY CORP., TINRON
ENTERPRISES INC., DURABUILD ENTERPRISES, INC.,
DURABUILD CONTRACTING CORP., CITYWIDE
ENVIRONMENTAL SERVICES, LLC,, TURNER
CONSTRUCTION COMPANY, TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, TISHMAN CONSTRUCTION CORPORATION
OF MANHATTAN, BOVIS LEND LEASE, LMB, INC., VERIZON
COMMUNICATIONS INC., BORIS GRZIC, CLAUDIA
GRZIC, STEVEN GRZIC, CHRISTINE GRZIC,
VIRGINIA PAPA, DARIUSZ KRUPA and JOZEF NOWAK

Defendants.
-------------------------------------------------------------------X

## AMENDED COMPLAINT

1.    Plaintiffs Jozef Kozik ("Kozik"), Waldemar Jablonski ("Jablonski"), Marek

-1-

Muzyka ("Muzyka"), Grzegorz Sochon ("Sochon"), Sebastian Kopacz

("Kopacz"), Rafal Pycior ("Pycior"), Leslaw Maciag ("Maciag") Artur Garbacki

("Garbacki"), Piotr Szyszka ("Szyszka"), Jozef Konefal ("Konefal"), Dariusz

Piatek ("Piatek"), Rafal Wit ("Wit") and Ion Nanu ("Nanu")(collectively, the

"Plaintiffs"), individually and on behalf of others similarly situated, by their

attorneys, Robert Wisniewski P.C., as and for their Complaint against the

Defendants, Whitestone Construction Corp. ("Whitestone Construction Corp."),

Whitestone Construction Svc. ("Whitestone Construction Svc."), 59th Street

Realty Inc., ("59th Street Realty"), Astor Realty Corp. ("Astor Realty"), Bel-I

Realty Corp. ("Bel-I Realty"), Tinron Enterprises Inc., ("Tinron Enterprises"),

Durabuild Enterprises, Inc. ("Durabuild Enterprises"), Citywide Environmental

Services, LLC ("Citywide")(collectively, the "Whitestone Companies"), Turner

Construction Company ("Turner"), Tishman Construction Corporation

("Tishman"), Tishman Construction Corporation of New York ("Tishman, NY"),

Tishman Construction Corporation of Manhattan ("Tishman,

Manhattan")(Tishman, Tishman, NY, and Tishman Manhattan are all known as

"Tishman"), Bovis Lend Lease, LMB, Inc. ("Bovis")(collectively, the "General

Contractors")Verizon Communications Inc. ("Verizon")(Whitestone Companies,

General Contractors, and Verizon are known as the "Corporate Defendants"),

Boris Grzic ("Grzic B."), Claudia Grzic ("Grzic Cl."), Steven Grzic ("Grzic S."),

Christine Grzic ("Grzic Ch."), Virginia Papa ("Papa"), Dariusz Krupa ("Krupa"),

Jozef Nowak ("Nowak"), (collectively, the "Individual Defendants")(the

-2-

Whitestone Companies and Individual Defendants are collectively known as the "Whitestone Defendants") state as follows:

## NATURE OF THE ACTION

2.  Plaintiffs on behalf of themselves and others similarly situated (See **Exhibit 1** to the original complaint and the consents included herewith) bring this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), the Portal-to-Portal Act of 1947, §4(a)(1,2) , 29 U.S.C.A.§ 254 (a)(1,2) ("Portal to Portal Act"), the New York Minimum Wage Act (New York State Labor Law Articles 6 and 19) ("NYMWA"), New York State Labor Law ("Labor Law") § 198-b, §193 and New York state common law.

3.  The Individual Defendants are the officers, shareholders, managers and/or majority owners of the Whitestone Companies, which provide services in the area of construction to the public as well as on city, state and federal public job sites within the tri- state area. Plaintiffs have been employed by the Whitestone Companies as carpenters and/or iron workers, who regularly worked over 40 hours per week, but were not compensated properly for the hours they worked and the overtime hours.

## PARTIES, JURISDICTION AND VENUE

4.  Plaintiffs, at all relevant times herein, were and are residents of the State of New York, County of Queens, except that Plaintiff Muzyka presently resides in the State of New Jersey, County of Union,

5.      The Whitestone Companies at all relevant times herein, were and are domestic

business corporations and/or limited liability companies duly organized under,

and existing by virtue of, the laws of the State of New York, and having their

principal place of business within the State of New York.

6.      The General Contractors at all relevant times herein, were and are domestic

business corporations and/or limited liability companies duly organized under,

and existing by virtue of, the laws of the State of New York, and having their

principal place of business within the State of New York.

7.      The Individual Defendants at all relevant times herein were and still are residents

of the State of New York, County of Queens and County of New York.

8.      The Individual Defendants are the officers, directors, managers and/or majority

shareholders or owners of the Whitestone Companies and as any of the ten largest

shareholders are individually responsible for unpaid wages under the New York

Business Corporation Law (See **Exhibit 2** to the original complaint).

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331, in that this action arises under 29 U.S.C. § 217 (FLSA); 28 U.S.C. §1337

(Regulation of Commerce). This Court has jurisdiction over the Plaintiffs' state

law claims pursuant to 28 U.S.C. §1367.

10.     The Defendants engage in an enterprise whose annual volume of sales made or

business done is not less than $500,000.00, the activities of which affect interstate

commerce in that the employees of said Defendants handle, sell or otherwise work

on goods or materials that have been moved in or produced for interstate

-4-

commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

11.     This Court has personal jurisdiction over all Defendants in that all Defendants are the citizens and residents of the State of New York.

12.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b).

## JURY DEMAND

13.     Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14.     Plaintiffs and others similarly situated have been employees of the Whitestone Defendants during the six years immediately preceding the initiation of this action and have performed labor and services as manual workers, carpenters, iron workers and laborers, but until August of 2005 when Plaintiffs became unionized, Plaintiffs did not receive the compensation required by the FLSA, the NYMWA, and regulations promulgated by the Department of Labor's Wage and Hour Division and/or the common law of the State of New York.

15.     The Whitestone Companies and General Contractors are domestic business corporations, which are engaged in provision of goods and services relating to the construction in the city of New York and its environs.

16.     Plaintiff Kozik was employed by the Whitestone Defendants as a carpenter from approximately 2001 through September 15, 2006, and brings this claim for the period from approximately 2001 through August of 2005.

17.   Plaintiff Muzyka was employed by the Whitestone Defendants as a carpenter from approximately June of 2003 through August of 2006, and brings this claim for the period June of 2003 through August of 2005.

18.   Plaintiff Jablonski was employed by the Whitestone Defendants as a carpenter from approximately March of 2002 through September 30, 2005, and brings this claim for the period March of 2002 through August of 2005.

19.   Plaintiff Sochon was employed by the Whitestone Defendants as a carpenter and/or iron worker from approximately January of 2002 through January of 2005.

20.   Plaintiff Kopacz was employed by the Whitestone Defendants as a carpenter from approximately June of 2002 through October of 2006.

21.   Plaintiff Maciag was employed by the Whitestone Defendants as a carpenter from approximately March of 2002 through October of December of 2003 and then in January 2004.

22.   Plaintiff Pycior was employed by the Whitestone Defendants as iron worker, carpenter, and driver from approximately June of 2000 through May of 2007.

23.   Plaintiff Garbacki was employed by the Whitestone Defendants as a carpenter from approximately April 12, 2001 through August 2, 2002.

24.   Plaintiff Szyszka was employed by the Whitestone Defendants as a carpenter and foremen from approximately March 1, 2001 through February 11, 2007.

25.   Plaintiff Konefal was employed by the Whitestone Defendants as a carpenter from approximately June of 2000 through May of 2007.

26.   Plaintiff Piatek was employed by the Whitestone Defendants as a carpenter from

approximately March 2001 through February 2010.

27.     Plaintiff Wit was employed by the Whitestone Defendants as a shop worker from

approximately April 2002 through September 2002 and then as a carpenter

through the present.

28.     Plaintiff Nanu was employed by the Whitestone Defendants as a carpenter from

approximately March 2002 through the present.

29.     Plaintiffs and others similarly situated regularly worked at least 40 hours per week

but were not paid for all the time they worked for the Whitestone Defendants.

30.     Plaintiffs and others similarly situated regularly worked in excess of 40 hours per

week but were not paid the proper overtime rate under the Federal and New York

State law and the wage orders promulgated thereunder.

31.     Plaintiffs were misclassified as laborers and paid the prevailing wage for a laborer

by the Whitestone Defendants despite performing services as carpenters and/or

iron workers.

32.     At all times herein, Defendant Whitestone Construction Corp. was and still is a

domestic business corporation duly organized under, and existing by virtue of, the

laws of the State of New York, and presently having its principal place of business

at 50-52 49th Street, Woodside NY, 11377.

33.     At all times herein, Defendant Whitestone Construction Svc. was and still is a

domestic business corporation duly organized under, and existing by virtue of, the

laws of the State of New York, and presently having its principal place of business

at 50-52 49th Street, Woodside NY, 11377.

34.    At all times herein, Defendant 59th Street Realty was and still is a domestic

business corporation duly organized under, and existing by virtue of, the laws

the State of New York, and presently having its principal place of business at 50-

52 49th Street, Woodside NY, 11377.

35.    At all times herein, Defendant Astor Realty was and still is a domestic business

corporation duly organized under, and existing by virtue of, the laws of the State

of New York, and presently having its principal place of business at 145-48 17th

Rd., Whitestone NY, 11357.

36.    At all times herein, Defendant Bel-I Realty was and still is a domestic business

corporation duly organized under, and existing by virtue of, the laws of the State

of New York, and presently having its principal place of business at 50-52 49th

Street, Woodside NY, 11377.

37.    At all times herein, Defendant Tinron Enterprises was and still is a domestic

business corporation duly organized under, and existing by virtue of, the laws of

the State of New York, and presently having its principal place of business at 12-

24A 30th Ave., Long Island City NY, 11102.

38.    At all times herein, Defendant Durabuild Enterprises was and still is a domestic

business corporation duly organized under, and existing by virtue of, the laws of

the State of New York, and presently having its principal place of business at 149-

38 17th Ave, Whitestone, NY 11357.

39.    At all times herein, Defendant Durabuild Inc. was and still is a domestic business

corporation duly organized under, and existing by virtue of, the laws of the State

-8-

of New York, and presently having its principal place of business at 36-09 34<sup></sup> Street, Long Island City, NY 11106.

40.     At all times herein, Defendant Durabuild Corp. was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 36-09 34th Street, Long Island City, NY 11106.

41.     At all times herein, Defendant Citywide was and still is a limited liability company duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at Brooklyn Navy Yard, Building 274, Brooklyn, NY 11205.

42.     At all times herein, Defendant Bovis was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 200 Park Avenue, Ninth Floor, New York, NY 10166.

43.     At all times herein, Defendant Tishman was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 666 Fifth Avenue, New York, New York, 10103.

44.     At all times herein, Defendant Tishman, Man. was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 666 Fifth Avenue, New York, New York, 10103.

45.     At all times herein, Defendant Tishman, NY was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 666 Fifth Avenue, New York, New York, 10103.

46.     At all times herein, Defendant Verizon was and still is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 140 West Street, New York, NY 10007.

47.     At all times herein, Defendant Turner was and still is a  domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at 375 Hudson Street, New York, NY 10014.

48.      At all times herein, the Whitestone Companies and General Contractors and/or Verizon transacted and still transact substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

49.     Upon information and belief, the Individual Defendants are officers, directors, shareholders, managers, owners, agents and/or members of the Whitestone Companies.

50.     At all times herein, the Individual Defendants have conducted business as the Whitestone Companies.

51.     At all times herein, the Individual Defendants have acted for and on behalf of the Whitestone Companies, with the power and authority vested in them as officers

-10-

and/or agents of the Whitestone Companies, and have acted in the course and scope of their duties and functions as officers and/or agents of the Whitestone Companies.

52.   At all times herein, upon information and belief, Individual Defendants used the Whitestone Companies in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

53.   Upon information and belief, in conducting the affairs of the Whitestone Companies, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of the Whitestone Companies for personal use, and commingled their personal assets with the assets of the Whitestone Companies.

54.   Upon information and belief, the Whitestone Companies are the alter egos of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Whitestone Companies have no separate legal existence from the Individual Defendants, and, as a result, the Whitestone Companies and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

55.   Upon information and belief, the Whitestone Companies are alter egos of each other, and as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Whitestone Companies have no separate legal existence from each other, and, as a result, the Whitestone Companies, individually and collectively, and jointly and severally, are liable for all claims made herein.

56.   The Whitestone Companies bid upon, obtained and performed, publicly-financed

-11-

projects, i.e., city, state and federal projects, as general contractors and/or subcontractors.

57.   The Whitestone Companies performed contracts entered into between them and the various governmental instrumentalities, which contracts were covered by the relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Whitestone Companies.

58.   When the Whitestone Companies entered into the aforesaid contracts to perform the work for which Plaintiffs provided labor, the Whitestone Companies were required, under the relevant law and/or contracts, to pay their employees, including the Plaintiffs, a "prevailing wage" that was specified in such contracts or was incorporated by reference into such contracts.

59.   The Whitestone Companies also entered into contracts with the General Contractors to perform publicly-financed projects, i.e., city, state and federal projects.

60.   The Whitestone Companies performed contracts entered into between them and the General Contractors, which contracts were covered by the relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Whitestone Companies.

61.   When the Whitestone Companies entered into the aforesaid contracts with the General Contractors to perform the work for which Plaintiffs provided labor, the Whitestone Companies were required, under the relevant law and/or contracts, to pay their employees, including the Plaintiffs, a "prevailing wage" that was

specified in such contracts or was incorporated by reference into such contracts.

62. Pursuant to the aforementioned contracts with the Whitestone Defendants, the General Contractors were obligated to ensure that the Whitestone Defendants paid their employees "prevailing wages" as required by federal and New York Labor Law.

63. Plaintiffs were persons covered by, and/or intended to benefit from, the provisions of New York Labor Law and/or other federal law, in respect to their work on the projects for which they provided labor.

64. The Whitestone Defendants also entered into contracts with Tishman and other contractors to perform work on privately-owned projects.

65. In particular, the Whitestone Companies entered into a subcontractor agreement with Tishman, which upon information and belief was a general contractor, to perform work on various projects owned by, upon information and belief, Verizon.

66. Upon information and belief, Tishman had a policy to use, and to have its subcontractors use, union workers or to have its subcontractors pay their employees a union wage.

67. Upon information and belief, Verizon entered into collective bargaining agreements with various carpenter unions requiring that contractors employ union carpenters on Verizon jobs or pay union carpenters wages to non-union workers.

68. Verizon also had a policy to require contractors working on Verizon-owned projects to use union workers or pay their employees a union wage and, upon

-13-

information and belief, entered into a contract with Tishman and other contractors requiring them to do so.

69. At all times relevant herein, the Individual Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiffs and others, or by virtue of their position with the Whitestone Companies have been responsible for the proper management and handling of the payroll and payroll calculations at the Whitestone Companies.

70. Upon information and belief, the Whitestone Companies entered into Collective Bargaining Agreements with unnamed unions.

71. The intended purpose of these Collective Bargaining Agreements was to protect all employees of the Whitestone Companies hired to perform manual labor (as defined by the Agreements) in New York City and its vicinity during the duration of these Agreements and to insure that any and all grievances, disputes or differences between the Whitestone Companies and said employees were peaceably settled.

72. Upon information and belief, Defendants failed to pay Plaintiffs and others similarly situated the rate required under the Collective Bargaining Agreements.

73. The various violations of law which are alleged herein were committed intentionally and/or willfully by the Defendants.

74. The Individual Defendants have willfully and intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their position as controlling owners, shareholders, directors,

officers and/or managers of the Whitestone Companies, have assumed personal

liability for the claims of the Plaintiffs herein.

75.   The Whitestone Companies and the Individual Defendants are joint employers of

Plaintiffs and as a result, all Defendants, individually and collectively, and jointly

and severally, are liable for all claims made herein.

## CLASS ALLEGATIONS

76.   Plaintiffs bring this action on behalf of themselves and all other persons who were

or are employed by the Whitestone Companies as carpenters and/or iron workers

and performed work, labor and services but did not receive the compensation

required by the FLSA, other provisions of the federal law, the NYMWA, and the

common law of the State of New York.

77.   Upon information and belief, this class of persons consists of not less than three

hundred (300) persons, and the class is thus so numerous that joinder of all

members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

78.   There are questions of law and fact common to the class which predominate over

any questions affecting only individual members, specifically: whether the

employment of the Plaintiffs and others similarly situated by Defendants is subject

to the jurisdiction and the wage, prevailing wage and overtime requirements of the

FLSA and the NYMWA and the common law of New York and whether

Plaintiffs and others similarly situated suffered from Defendants' policy or plan

not to pay proper wages, overtime wages and wage supplements.  Only the

amount of individual damages sustained by each class member will vary.

79.   The claims of the named Plaintiffs are typical of the claims of the above-described

class in that all of the members of the class have been similarly affected by the

acts and practices of the Whitestone Defendants.

80.   The named Plaintiffs will fairly and adequately protect the interests of the

members of the class, in that their interests are not adverse to the interests of the

other members of the class.

81.   A class action is superior to other available methods for the fair and efficient

adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

82.   The named Plaintiffs bring the first through the fourth claims for relief herein on

behalf of themselves individually and all persons similarly situated as a class

action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that

the named Plaintiffs and all persons similarly situated have against the Defendants

as a result of Defendants' violations under the FLSA, the Labor Law, other

provisions of the Federal Law and the common law of the State of New York.


## FIRST CLAIM FOR RELIEF
### (Breach of Contract against the Whitestone Companies)

83.   Plaintiffs repeat and reallege each and every allegation as previously set

forth.

84.   Plaintiffs and all others similarly situated agreed to perform work and

services as laborers for the Defendants.

85.   Plaintiffs and all others similarly situated satisfactorily supplied labor in

connection with and in furtherance of the work required under their contracts with

the Whitestone Companies and in doing so, complied with the terms of their

employment agreements with the Whitestone Companies and were therefore

entitled to wages they rightfully earned while working for Whitestone Companies.

86.     The Defendants failed or refused to pay Plaintiffs and others similarly

situated the wages to which they were entitled under their respective employment

agreements with the Whitestone Companies.

87      The Defendants' failure or refusal to pay Plaintiffs and others similarly

situated the wages to which they were entitled under their respective employment

agreements with the Whitestone Companies constitutes a breach of Plaintiffs'

employment agreements with the Whitestone Companies.

88.     That by virtue of the foregoing breach of contract by the Whitestone Companies,

Plaintiffs and all others similarly situated have been damaged in an amount to be

proven at trial based upon an accounting of the amount Plaintiffs and all others

similarly situated should have been paid as contemplated by their respective

employment agreements with the Whitestone Companies, less amounts actually

paid to Plaintiffs and all others similarly situated, together with an award of

interest, costs, disbursements, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Third Party Beneficiary Claim for Prevailing Wages against all Defendants)**

89.     Plaintiffs repeat and reallege each and every allegation previously set forth

herein.

90. Plaintiffs and others similarly situated were persons covered by, or the intended third-party beneficiaries of, the contracts entered into by the Whitestone Companies with the various instrumentalities of city, state and federal government to perform work on public works, which were covered by the provisions of New York Labor Law and various federal laws.

91. Plaintiffs and others similarly situated were also persons covered by, or the intended third-party beneficiaries of, the subcontracts entered into by the Whitestone Companies with any of the General Contractors to perform work on public works, which were covered by the provisions of New York Labor Law and various federal laws.

92. In accordance with the terms and conditions of the Whitestone Companies' contracts with various governmental instrumentalities, and the relevant provisions of the New York Labor Law and various federal laws relating to prevailing wages and supplements to be paid to employees of the Whitestone Companies, Plaintiffs and all others similarly situated should have been paid the prevailing wage and prevailing wage supplements for the work and labor Plaintiffs and all others similarly situated supplied in connection with and in furtherance of the work contemplated by such contracts.

93. The Whitestone Defendants knowingly and willfully failed or refused to pay Plaintiffs and all others similarly situated the prevailing wage and prevailing wage supplements for regular and overtime hours of work in connection with the execution of the Whitestone Companies' contracts with various governmental

instrumentalities or subcontracts with the General Contractors.

94.   The Whitestone Defendants' failure or refusal to pay Plaintiffs and all others
similarly situated the prevailing wage and prevailing wage supplements
constitutes a material breach of the Whitestone Defendants' contracts with various
governmental instrumentalities or subcontracts with the General Contractors.

95.   The Whitestone Defendants violated the provisions of New York Labor Law in
that they failed to pay the Plaintiffs and others similarly situated the prevailing
wages required under the relevant laws.

96.   Pursuant to the Turner and Bovis' contracts with the relevant government
instrumentalities, and the relevant provisions of the New York Labor Law and
various federal laws relating to "prevailing wages" to be paid to employees
working on public works projects, Turner and Bovis were obligated to ensure that
the Whitestone Companies' employees were compensated no less than the
prevailing wages and supplements required by those contracts and under federal
and New York state law for each hour worked.

97.   By failing to ensure that the Whitestone Defendants' employees received the
prevailing wages and supplements required under their contracts with the relevant
government instrumentalities, and the relevant provisions of New York Labor
Law and various federal laws relating to "prevailing wages" to be paid to
employees working on public works projects, Turner and Bovis breached their
contract with the relevant government instrumentalities, a contract the Whitestone
Defendants' employees were covered by and/or were beneficiaries of.

98.     Plaintiffs and others similarly situated did not receive the monies they

were due as beneficiaries of the contracts entered into by the Whitestone

Companies, as well as the contracts entered into by Turner and Bovis, which

provided for the payment of prevailing wages, and as a result, seek a judgment for

damages based upon an accounting of the amount of monies Plaintiffs were paid

and the amount Plaintiffs should have been paid in prevailing wages, together

with an award of interest, costs, disbursements, attorneys' fees, as allowed by the

relevant statutes and such other relief as the Court deems proper.

### THIRD CLAIM FOR RELIEF
**(Third-Party Beneficiary Claim for Union Wages against the Whitestone
Defendants, Tishman and Verizon)**

99.     Plaintiffs repeat and reallege each and every allegation previously set forth

herein.

100.    Pursuant to its agreements with Tishman and other contractors, the Whitestone

Defendants were required to pay their employees a union wage and supplements

that were specified in those agreements or was incorporated by reference into

those agreements.

101.    Plaintiffs and others similarly situated were persons covered by, or the

intended third-party beneficiaries of, the agreements between the Whitestone

Defendants and Tishman and/or other contractors.

102.    The Whitestone Defendants violated the provisions of these agreements in that

they failed to pay the Plaintiffs and others similarly situated the wages required by

those agreements.

103. Pursuant to their agreements with various project owners, including but not limited to, Verizon, Tishman was obligated to ensure that the Whitestone Defendants paid their employees the proper union wages required by the agreements between Whitestone and various project owners including Verizon.

104. Plaintiffs were covered by, or were beneficiaries of, Tishman's agreements with various project owners including Verizon.

105. Plaintiffs and others similarly situated did not receive the monies they were due as intended third-party beneficiaries of Tishman's agreements with Verizon and other project owners, as well as Whitestone Companies' agreements with Tishman, all of which provided for the payment of certain wages and supplements, and accordingly, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs and others similarly situated were paid and the amount Plaintiffs and others similarly situated should have been paid in wages, in addition to an award of interest, costs, disbursements, and attorneys' fees, as allowed by the relevant statutes and such other relief as the Court deems proper.

106. Pursuant to its agreements with the Whitestone Defendants and, upon information and belief, its collective bargaining agreements with various unions, Verizon was required to ensure that the Whitestone Defendants pay their employees union wages and supplements that were specified in those agreements or that were incorporated by reference into those agreements.

107. Plaintiffs and others similarly situated were persons covered by, or the

-21-

intended third-party beneficiaries of, the agreements between the Whitestone
Defendants and Verizon.

108.   The Whitestone Defendants violated the provisions of these agreements in that
they failed to pay the Plaintiffs and others similarly situated the wages required by
those agreements.

109.   Plaintiffs and others similarly situated did not receive the monies they
were due as intended third-party beneficiaries of Whitestone Defendants'
agreements with Verizon and Whitestone Defendants' agreements with other
project owners all of which provided for the payment of certain wages and
supplements, and accordingly, seek a judgment for damages based upon an
accounting of the amount of monies Plaintiffs and others similarly situated were
paid and the amount Plaintiffs and others similarly situated should have been paid
in wages, in addition to an award of interest, costs, disbursements, and attorneys'
fees, as allowed by the relevant statutes and such other relief as the Court deems
proper.

### FOURTH CLAIM FOR RELIEF
### (NYMWA against the Whitestone Defendants)

110.   Plaintiffs repeat each and every allegation previously made herein.

111.   Pursuant to the NYMWA, Labor Law Articles 6 and 19, Labor Law §§
191-193; 198 and § 663 and the Wage Orders issued under the NYMWA at 12
N.Y.C.R.R. §§ 137-143, Plaintiffs were entitled to certain hourly minimum
wages, overtime wages, and other wages, all of which the defendants intentionally

failed to pay in violation of such laws.

112.    Plaintiffs seek a judgment against the Whitestone Defendants for all wages which

should have been paid, but were not paid, pursuant to the NYMWA and the

Wage Orders issued thereunder and the other provisions of the Labor Law; the

total amount of such unpaid wages to be determined at trial upon an accounting of

the hours worked by, and wages paid to, each Plaintiff, along with an award of

attorneys' fees, interest and costs as provided under the NYMWA and Labor Law

§§ 193; 198 and § 663.

## FIFTH CLAIM FOR RELIEF
### (Portal to Portal Act against the Whitestone Defendants)

113.    Plaintiffs repeat and reallege each and every allegation previously set forth

herein.

114.    Plaintiffs bring this claim for relief on behalf of themselves and others

similarly situated pursuant to the applicable provisions of the Portal-to-Portal Act

of 1947, §4(a)(1,2) , 29 U.S.C.A.§ 254 (a)(1,2), Plaintiffs were entitled to be

compensated for the travel time back and forth from the company's shop to

various construction sites.

115.    Plaintiffs and others similarly situated were not paid for the travel time

back and forth from the company's shop to various construction sites, and the

Whitestone Defendants willfully failed to make said payments.

116.    Plaintiffs seek a judgment for unpaid wages, such sums to be determined

based upon an accounting of the hours worked by, and wages actually paid to,

Plaintiffs.

## SIXTH CLAIM FOR RELIEF
### (FLSA against the Whitestone Defendants)

117.   Plaintiffs repeat and reallege each and every allegation previously set forth
herein.

118.   Plaintiffs bring this claim for relief pursuant to the applicable provisions of
the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the
FLSA at 29 C.F.R. § 552, Plaintiffs were entitled to a minimum wage and an
overtime hourly wage of time and one-half their regular hourly wage for all hours
worked in excess of forty hours per week.

119.   Plaintiffs worked more than forty hours per week for the Whitestone Defendants,
and the Whitestone Defendants willfully failed to make said minimum wage
and/or overtime payments.

120.   Plaintiffs seek a judgment for unpaid overtime wages, such sums to be
determined based upon an accounting of the hours worked by, and wages actually
paid to, Plaintiffs, and Plaintiffs also seek an award of liquidated damages,
attorneys' fees, interest and costs as provided for by the FLSA.


[no more text on this page]

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs demand a trial by jury and judgment against all Defendants as follows:

1.      Compensatory damages in an amount to be determined at trial, together with interest;

2.      Liquidated damages pursuant to the FLSA and Labor Law §198

3.      Punitive damages in an amount to be determined at trial;

4.      Pre-Judgment Interest; and

5.      Plaintiffs' costs and reasonable attorneys' fees.

Together with such other and further relief that the Court deems just.

Dated: New York, New York
      August 20, 2010

ROBERT WISNIEWSKI P.C.

By: _____/s/_____
         Robert Wisniewski
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York  10007
(212) 267-2101

To:

Whitestone Construction Corp.
50-52 49th Street
Woodside, NY 11377

Whitestone Construction Svc
50-52 49th Street
Woodside, NY 11377

59th Street Realty, Inc.
50-52 49th Street
Woodside, NY 11377

Astor Realty Corp.
145-48 17th Rd.
Whitestone, NY 11357

Bel-I Realty Corp.
50-52 49th Street
Woodside, NY 11377

Tinron Enterprises Inc.
12-24A 30th Ave
Long Island City, NY 11102

Durabuild Enterprises, Inc.
149-38 17th Ave
Whitestone, NY 11357

Citywide Environmental
Services, LLC.
Brooklyn Navy Yard
Building 274
Brooklyn, NY 11205

Bovis Lend Lease, LMB., Inc.
200 Park Ave., Ninth Floor
New York, NY 10166

Tishman Construction Corporation of New York
666 Fifth Avenue
New York, New York, 10103

Tishman Construction Corporation of Manhattan
666 Fifth Avenue
New York, New York, 10103

Tishman Construction Corporation

666 Fifth Avenue
New York, New York, 10103

Turner Construction Company
375 Hudson Street
New York, NY 10014

Verizon Communications, Inc.
140 West Street
New York, NY 10007

Boris Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road, Apt.#805
Whitestone, NY 11357

Claudia Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road, Apt.#805
Whitestone, NY 11357

Steven Grzic
50-52 49th Street
Woodside, NY 11377

61 W. 74th Street, Apt. 2C
New York, NY 10023

Christine Grzic
50-52 49th Street
Woodside, NY 11377

145-48 17th Road
Whitestone, NY 11357

Jozef Nowak
50-52 49th Street
Woodside, NY 11377

5967 60th Lane, Apt. 7
Maspeth, NY 11378

Dariusz Krupa
149-38 17th Ave, #1
Whitestone, NY 11357

Virginia Papa
50-52 49th Street
Woodside, NY 11377

# EXHIBIT 1

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOZEF KOZIK et. al.,

                                                    Docket No.:07-4095
                                                    (FB) (SMG)

                                    Plaintiffs,

        -against-

WHITESTONE CONSTRUCTION CORP., et. al.

                                    Defendants
------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

DARION PATEH
Print Name
   **ON FILE**

Address
**ON FILE**

City, State, Zip Code

**ON FILE**

Sign Name
   **ON FILE**

Telephone

0817 2010
Date

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOZEF KOZIK et. al.,

                                                    Docket No.:07-4095
                                                    (FB) (SMG)

                                    Plaintiffs,

            -against-

WHITESTONE CONSTRUCTION CORP., et. al.

                                    Defendants

-------------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

_JOZEF KONEFAL_                                        **ON FILE**

Print Name                                             Sign Name
**ON FILE**                                            **ON FILE**

Address                                                Telephone
**ON FILE**                                            _08/17/10_

City, State, Zip Code                                  Date

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF KOZIK et. al.,

**Docket No.:07-4095**
**(FB) (SMG)**

Plaintiffs,

-against-

WHITESTONE CONSTRUCTION CORP., et. al.

Defendants
-------------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

*Ion NANU*
Print Name
**ON FILE**

ON FILE

Sign Name
**ON FILE**

Address     **ON FILE**

City, State, Zip Code

Telephone

*08/17/10*
Date

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF KOZIK et. al.,

                                                              **Docket No.:07-4095**
                                                              **(FB) (SMG)**

                                          Plaintiffs,

         -against-

WHITESTONE CONSTRUCTION CORP., et. al.

                                          Defendants
-------------------------------------------------------------------X
**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

_RAFAL WIT_                                       **ON FILE**
Print Name                                        Sign Name
**ON FILE**                                       **ON FILE**

Address                                           Telephone
**ON FILE**                                       _8/17/10_
                                                  Date
City, State, Zip Code

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOZEF KOZIK et. al.,

                                                                    Docket No.: 07-4095
                                                                    (FB) (SMG)
                                        Plaintiffs,

            -against-

WHITESTONE CONSTRUCTION CORP., et. al.

                                        Defendants
-------------------------------------------------------------X

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

RAFAL BUDZINSKI                                    ON FILE
Print Name                                         Sign Name
ON FILE                                            ON FILE

Address                                            Telephone
ON FILE                                            8. 18. 2010

City, State, Zip Code                              Date

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOZEF KOZIK et. al.,

                                                          Docket No.:07-4095
                                                          (FB) (SMG)

                                        Plaintiffs,


            -against-


WHITESTONE CONSTRUCTION CORP., et. al.


                                        Defendants
-------------------------------------------------------------------X

### CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair
Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of
others similarly situated and to make decisions on my behalf and on behalf of others similarly
situated concerning the litigation, the method and manner of conducting this litigation, and all
other matters pertaining to this lawsuit.

*ARTUR GARBACKI*
Print Name
**ON FILE**


Address
**ON FILE**

City, State, Zip Code

                                        **ON FILE**
                                        _____
                                        Sign Name
                                        **ON FILE**

                                        Telephone
                                        8/18/2010
                                        Date

ROBERT WISNIEWSKI (RW-5308)
ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOZEF KOZIK et. al.,

                                                   **Docket No.:07-4095**
                                                   **(FB) (SMG)**

Plaintiffs,


-against-


WHITESTONE CONSTRUCTION CORP., et. al.


Defendants
------------------------------------------------------------------X

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair

Labor Standards Act action under Section 216(b) of the FLSA and to act as a representative of

others similarly situated and to make decisions on my behalf and on behalf of others similarly

situated concerning the litigation, the method and manner of conducting this litigation, and all

other matters pertaining to this lawsuit.


*PIOTR SZYSZKA*
Print Name
    ON FILE

Address
    ON FILE

City, State, Zip Code

ON FILE

Sign Name

ON FILE

Telephone

08/19/2010
Date