UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA, GREZGORZ SOCHON, SEBASTIAN
KOPACZ, RAFAL PYCIOR, LESLAW MACIAG,
ARTUR GARBACKI, PIOTR SZYSZKA, JOZEF
KONEFAL, DARIUSZ PIATEK, RAFAL WIT and
ION NANU on behalf of themselves and on behalf of
all others similarly situated,

                                  Plaintiffs,
    -against-

WHITESTONE CONSTRUCTION CORP.,
WHITESTONE CONSTRUCTION SVC, 59TH STREET
REALTY, INC., ASTOR REALTY CORP., BEL-I
REALTY CORP., TINRON ENTERPRISES, INC.,
DURABUILD ENTERPRISES, INC., DURABUILD
CONTRACTING CORP., CITYWIDE
ENVIRONMENTAL SERVICES, LLC, TURNER
CONSTRUCTION COMPANY, TISHMAN
CONSTRUCTION CORPORATION,
TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, TISHMAN CONSTRUCTION
CORPORATION OF MANHATTAN, BOVIS LEND
LEASE, LMB, INC., VERIZON COMMUNICATIONS INC.,
BORIS GRZIC, CLAUDIA GRZIC, STEVEN GRZIC,
CHRISTINE GRZIC, VIRGINIA PAPA, DARIUSZ
KRUPA and JOZEF NOWAK

Docket No. 07 CV 4095
(FB) (SMG)

**ANSWER TO
AMENDED COMPLAINT**

                                  Defendants.
---------------------------------------------------------------------X

       Defendants, Tishman Construction Corporation, Tishman Construction Corporation of New York and Tishman Construction Corporation of Manhattan (collectively "Tishman"), by their attorneys, Goetz Fitzpatrick, LLP, as and for their answer to the Amended Complaint, dated August 20, 2010, state and allege as follows:

       1.     Tishman makes no response to the allegations in paragraph 1 of the Amended Complaint as no response is required.

2. Tishman makes no response to the allegations in paragraph 2 of the Amended Complaint as they are allegations of law to which no response is required. To the extent the allegations in paragraph 2 are allegations of fact, Tishman denies the allegations.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint.

**AS AND FOR A RESPONSE TO PARTIES, JURISDICTION AND VENUE**

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 and 5 of the Amended Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, except admit that the Tishman defendants are foreign business corporations with a principal place of business located in New York State.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 and 8 of the Amended Complaint.

7. Tishman makes no response to the allegations in paragraph 9 of the Amended Complaint as they are allegations of law to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint and aver that the Plaintiffs were not employees of Tishman.

9. Tishman makes no response to the allegations in paragraphs 11, 12 and 13 of the Amended Complaint as they are allegations of law to which no response is required. To the extent the allegations in paragraphs 11, 12 and 13 are deemed allegations of fact, Tishman denies the allegations.

## AS AND FOR A RESPONSE TO FACTUAL BACKGROUND

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

11. Deny each and every allegation contained in paragraph 15 of the Amended Complaint as alleged against Tishman, except admit that the Tishman defendants perform work and services in connection with construction industry.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 26, 37, 38, 39, 40, 41 and 42 of the Amended Complaint.

13. Deny each and every allegation in paragraph 43 of the Amended Complaint, except admits that defendant, Tishman Construction Corporation, is a foreign business corporation with a principal place of business at 666 Fifth Avenue, New York, New York 10103.

14. Deny each and every allegation in paragraph 44 of the Amended Complaint, except admits that defendant, Tishman Construction Corporation of Manhattan, is a foreign business corporation with a principal place of business at 666 Fifth Avenue, New York, New York 10103.

15. Deny each and every allegation in paragraph 45 of the Amended Complaint, except admits that defendant, Tishman Construction Corporation of New York, is a foreign business corporation with a principal place of business at 666 Fifth Avenue, New York, New York 10103.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 46 and 47 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, except admits that defendant, Tishman

Construction Corporation of New York, as construction manager, entered into certain agreement(s) to perform construction management services as a disclosed agent for Verizon, formerly Bell Atlantic, and respectfully beg leave upon the trial of this action to refer to those agreement(s) for all terms and conditions thereof.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the Amended Complaint.

19. Deny the allegations in paragraphs 59, 60, 61 and 62 as alleged against the Tishman defendants.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint.

21. Deny each and every allegation in paragraph 64, except admits that Tishman entered into certain contracts with Whitestone Construction Corp. for private construction projects

22. Deny each and every allegation in paragraphs 65 and 66 of the Amended Complaint, except admit that defendant, Tishman Construction Corporation of New York, as a disclosed agent for Verizon, entered into certain trade contractor agreement(s) on behalf of Verizon with Whitestone Construction in connection with Verizon project(s), and respectfully beg leave upon the trial of this action to refer to those agreements for all terms and conditions thereof.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint.

24. Deny each and every allegation in paragraph 68 of the Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 69, 70 and 71 of the Amended Complaint.

26. Deny each and every allegation in paragraphs 72 and 73 as alleged against Tishman.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint.

28. Deny the allegations in paragraph 75 of the Amended Complaint as alleged against Tishman.

## AS AND FOR A RESPONSE TO CLASS ALLEGATIONS

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 76 and 77 of the Amended Complaint.

30. Deny each and every allegation in paragraph 78 of the Amended Complaint as alleged against Tishman and avers that the Plaintiffs were not employed by Tishman.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 79, 80 and 81 of the Amended Complaint.

32. Deny each and every allegation in paragraph 82 of the Amended Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

33. In response to paragraph 83 of the Amended Complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 32 of this Answer with the same force and effect as though fully set forth herein.

34. Deny each and every allegation in paragraph 84 as alleged against Tishman.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint.

36. Deny each and every allegation in paragraphs 86, 87 and 88 as alleged against Tishman.

### ANSWERING THE SECOND CLAIM FOR RELIEF

37. In response to paragraph 89 of the complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 36 of this Answer with the same force and effect as though fully set forth herein.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Complaint.

39. Deny each and every allegation in paragraph 91 as alleged against Tishman.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 92, 93, 94, 95, 96, 97 and 98 of the Amended Complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF

41. In response to paragraph 99 of the Amended Complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 40 of this Answer with the same force and effect as though fully set forth herein.

42. Deny each and every allegation in paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108 and 109 of the Amended Complaint, and aver that the trade contractor agreement between defendant Tishman Construction Corporation of New York, as construction manager, and Whitestone Construction for the Verizon project expressly prohibits any third-party beneficiary claims under the agreement, and Tishman respectfully beg leave upon the trial of this action to refer to the said agreement for all terms and conditions thereof.

### ANSWERING THE FOURTH CLAIM FOR RELIEF

43.    In response to paragraph 110 of the Amended Complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 42 of this Answer with the same force and effect as though fully set forth herein.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 111 and 112 of the Amended Complaint.

### ANSWERING THE FIFTH CLAIM FOR RELIEF

45.    In response to paragraph 113 of the Amended Complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 44 of this Answer with the same force and effect as though fully set forth herein.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 114, 115 and 116 of the Amended Complaint.

### ANSWERING THE SIXTH CLAIM FOR RELIEF

47.    In response to paragraph 117 of the Amended Complaint, Tishman repeats, reiterates and realleges each and every answer contained in paragraphs 1 through 46 of this Answer with the same force and effect as though fully set forth herein.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 118, 119 and 120 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49.    The Amended Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50.    The Amended Complaint is barred by the doctrines of estoppel and waiver.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. The Amended Complaint is barred by the applicable statutes of limitations including, but not limited to, those governing the FLSA and Portal to Portal counts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. The Amended Complaint is barred because the Plaintiffs were paid all applicable prevailing wages, overtime wages and fringe benefits.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. The Amended Complaint is barred by the doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Defendants 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp. and Tinron Enterprises, Inc. are not construction companies, never employed any of the Plaintiffs and have no obligation to pay any monies to any of the Plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Defendants, Virginia Papa, Dariusz Krupa and Jozef Nowak, are not officers or owners of defendant, Whitestone Construction Corporation. As such, there is no legal basis for naming them as defendants herein.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. The Plaintiffs lack standing to maintain the First, Second, Third and Fourth Counts of the Amended Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. The Plaintiffs were properly classified as laborers and paid the appropriate prevailing wage and benefits.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. A number of the projects the Plaintiffs worked on were not "public works projects" and, as such, are not subject to the prevailing wage laws.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

59. The "Second Claim for Relief" fails to state a cause of action because the Plaintiffs were not "intended" or third-party beneficiaries of the construction contracts between Whitestone and certain general contractors and between Whitestone and certain project owners.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60. The Plaintiffs failed to file administrative claims as required by Section 220 of the New York Labor Law. As such, the Plaintiffs may not recover any damages or avail themselves of the remedies available under the New York Labor Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61. The Plaintiffs were paid in full for any shop/travel time expended by them. As such, that component of their claim seeking damages for shop/travel time should be dismissed.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. The Plaintiffs were paid in full for all of the work they performed as employees of Whitestone Construction Corp.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. Whitestone Construction Corp. paid the Plaintiffs compensation well in excess of what is required by the New York Minimum Wage Act. As such, the Plaintiffs' "Fourth Claim for Relief" should be dismissed.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. The "Fourth Claim for Relief" seeking damages under the New York Minimum Wage Act has no applicability or relevance to any of the prevailing wage claims asserted by the Plaintiffs. As such, it should be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. The work performed by the Plaintiffs was properly classified and paid for as "laborers" work. As such, the Plaintiffs' contention that they should have been paid at the "carpenters" rate lacks merit and should be disregarded.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

66. None of the defendants engaged in any "willful behavior or activity" as defined by applicable state or federal law. As such, the Plaintiffs cannot recover liquidated damages or receive the benefit of a longer statute of limitations.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

67. The claims of Plaintiff, Waldemar Jablonski, are barred by the terms of the written release he executed.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68. Plaintiff, Rafal Pycior was a dedicated shop employee and, as such, he has no right or standing to assert any claims for unpaid carpenter wages.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

69. The Plaintiffs' claims are barred by the parole evidence rule.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

70. At all times relevant to this action, the Answering Defendants acted lawfully, reasonably and in good faith in the belief that the acts and omissions alleged in the Amended Complaint were not unlawful.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

71. If any of the acts and/or omissions alleged in the Amended Complaint were unlawful, which the Answering Defendants deny, the Answering Defendants did not do so willfully.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

72. The Amended Complaint fails because the Answering Defendants made payment of all sums which may have been due to the Plaintiffs, or any members of the alleged putative class, under any contract and under New York law and federal law, including the New York Labor Law and Fair Labor Standards Act.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

73. The Plaintiffs' claims, and the claims of any alleged putative class members, for damages are barred, in whole or in part, to the extent that there has been a failure to mitigate damages.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

74. This action is not a proper class and/or collective action.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

75. Some or all of the Plaintiffs' claims, and the claims of any alleged putative class members, may be subject to the *de minimis* rule because they involve insignificant amounts of overtime.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

76. The Plaintiffs lack standing to bring their claims and cannot bring this action in a representative capacity because they are not similarly situated to other workers or to the class of persons whom they purport to represent in this action.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

77. Any act or omission on the part of the Answering Defendants was in good faith and they had reasonable grounds for believing that such acts or omission were not in violation of and were in conformity with FLSA, New York Labor Law, written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department Labor or New York Department of Labor. Therefore, some or all of the claims in the Amended Complaint are barred.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

78. The claims of the Plaintiffs and the class they purport to represent are barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

79. The claims of Plaintiffs and the class they purport to represent are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

80. The claims of Plaintiffs and the class they purport to represent are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

81. The types of claims alleged in the Amended Complaint on behalf of the Plaintiffs and the alleged class are matters in which individual questions predominate and, accordingly, the Plaintiffs fail to satisfy the prerequisites for class certification as to any cause of action.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

82.     The Amended Complaint fails to the extent it asserts a class action, because the claims alleged by the named Plaintiffs are neither common to nor typical of those of the class they purport to represent.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

83.     The Plaintiffs' claims are barred in whole or in party because they fail to satisfy the prerequisites for class certification and/or collective action certification and, therefore, they lack standing to bring these claims as to any of the purported counts alleged in the Amended Complaint.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

84.     Prosecution of a representative action and certification of the alleged class based upon the facts and circumstances of this case would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

85.     If any damages have been sustained by the Plaintiffs and/or the class they purport to represent, although such is specifically denied, the Answering Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to the Answering Defendants against any judgment that may be entered against the Answering Defendants or any of them.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

86.     The Plaintiffs' claims, and the claims of the alleged putative class, are barred by applicable federal laws, rules and/or regulations.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

87.     Tishman reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiffs' claims. These additional defenses cannot be articulated at this time due to the Plaintiffs' failure to properly describe its claims with sufficient particularity in the Amended Complaint.

WHEREFORE, defendants, Tishman Construction Corporation, Tishman Construction Corporation of New York and Tishman Construction Corporation of Manhattan, demand judgment dismissing the Amended Complaint in its entirety, together with costs of this action and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 11, 2011

>                               GOETZ FITZPATRICK LLP
>
>                               By: _____/s/ Neal M. Eiseman_____
>                                    Neal M. Eiseman (NME-9183)
>                                    Timothy B. Cummiskey (TBC-0552)
>                               Attorneys for Defendants Tishman Construction
>                               Corporation, Tishman Construction Corporation of New
>                               York and Tishman Construction Corporation of Manhattan
>                               One Penn Plaza, Suite 4401
>                               New York, New York 10119
>                               (212) 695-8100

To:    Robert Wisniewski
       Robert Wisniewski & Associates P.C.
       Attorney for Plaintiffs
       225 Broadway, Suite 1020
       New York, New York 1007
       (212) 267-2101

Robert Baravecchio
Mathew T. Miklave
Epstein Becker & Green, P.C.
Attorneys for Verizon Communications, Inc.
250 Park Avenue
New York, New York 10177
(212) 351-4764