**PECKAR & ABRAMSON, P.C.**
Gregory R. Begg, Esq.
gbegg@pecklaw.com
41 Madison Avenue, 20th Floor
New York, New York 10010
212-382-0909
Attorneys for Defendant Turner Construction Company

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOZEF KOZIK, WALDEMAR JABLONSKI, MAREK
MUZYKA, GRZEGORZ SOCHON, SEBASTIAN
KOPACZ, RAFAL PYCIOR, LESLAW MACIAG,
ARTUR GARBACKI, PIOTR SZYSZKA, JOZEF
KONEFAL, DARIUSZ PIATEK, RAFAL WIT and
ION NANU on behalf of themselves and on behalf of
all others similarly situated,

Plaintiffs,

- v -

WHITESTONE CONSTRUCTION CORP.
WHITESTONE CONSTRUCTION SVC., 59th STREET
REALTY, INC., ASTOR REALTY CORP., BEL-I
REALTY CORP., TINRON ENTERPRISES INC.,
DURABUILD ENTERPRISES, INC., DURABUILD
CONTRACTING CORP., CITYWIDE
ENVIRONMENTAL SERVICES, LLC., TURNER
CONSTRUCTION COMPANY, TISHMAN
CONSTRUCTION CORPORATION, TISHMAN
CONSTRUCTION CORPORATION OF NEWYORK,
TISHMAN CONSTRUCTION CORPORATION OF
MANHATTAN, BOVIS LEND LEASE, LMB, INC.,
VERIZON COMMUNICATIONS INC., BORIS GRZIC,
CLAUDIA GRZIC, STEVEN GRZIC, CHRISTINE
GRZIC, VIRGINIA PAPA, DARIUSZ KRUPA and
JOZEF NOWAK,

Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No.:
07-cv-4095 (FB)(SMG)

**ANSWER TO
CLASS ACTION
COMPLAINT,
AFFIRMATIVE
DEFENSES AND
CROSS-CLAIMS**

1.      Turner makes no response to the allegations contained in paragraph 1 as no such response is required.

## NATURE OF THE ACTION

2.      Turner makes no response to the allegations contained in paragraph 1 as no such response is required.

3.      The allegations contained in paragraph 3 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

## PARTIES, JURISDICTION AND VENUE

4.      Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Turner admits the allegations contained in paragraph 6, only to the extent that Turner is a New York corporation doing business in New York.

7.      Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Turner admits the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 constitute legal conclusions to which no response is required; to the extent a response is required, Turner denies that it is Plaintiffs' employer under the FLSA.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

11.     Turner admits the allegations contained in paragraph 11 of the Complaint; but only as they relate to Turner.

12.     Turner admits the allegations contained in paragraph 12 of the Complaint.

## JURY DEMAND

13.     Turner admits that Plaintiffs demand a jury trial as set forth in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

15.     Turner admits it is engaged in the business of construction in New York as alleged in paragraph 15; but denies the remaining allegations.

16.     The allegations contained in paragraph 16 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

17.     The allegations contained in paragraph 17 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

18.     The allegations contained in paragraph 18 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

19.     The allegations contained in paragraph 19 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

20.     The allegations contained in paragraph 20 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

21.     The allegations contained in paragraph 21 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

22.     The allegations contained in paragraph 22 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

23.     The allegations contained in paragraph 23 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

24.     The allegations contained in paragraph 24 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

25.     The allegations contained in paragraph 25 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

26.     The allegations contained in paragraph 26 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

27.     The allegations contained in paragraph 27 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

28.     The allegations contained in paragraph 28 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

29.     The allegations contained in paragraph 29 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

30.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

32.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

36.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.    Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.    Turner admits the allegations contained in paragraph 47 of the Complaint.

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

48.     Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint; except that Turner admits that it conducts business in New York.

49.     The allegations contained in paragraph 49 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

50.     The allegations contained in paragraph 50 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

51.     The allegations contained in paragraph 51 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

52.     The allegations contained in paragraph 52 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

53.     The allegations contained in paragraph 53 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

54.     The allegations contained in paragraph 54 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

55. The allegations contained in paragraph 55 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

56. Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

59. Turner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint; except Turner admits that it has contracted with the Whitestone Companies for projects occurring in New York.

60. The allegations contained in paragraph 60 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations; except Turner admits that it has contracted with the Whitestone Companies for projects occurring in New York.

61. The allegations contained in paragraph 61 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations; except Turner admits that it has contracted with the Whitestone Companies for projects occurring in New York.

62. Turner denies the allegations contained in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 constitute legal conclusions to which no response is required.

64.     The allegations contained in paragraph 64 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

65.     The allegations contained in paragraph 65 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

66.     The allegations contained in paragraph 66 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

67.     The allegations contained in paragraph 67 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

68.     The allegations contained in paragraph 68 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

69.     The allegations contained in paragraph 69 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

70.     The allegations contained in paragraph 70 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

71.     The allegations contained in paragraph 71 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

72.     The allegations contained in paragraph 72 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

73.     Turner denies the allegations contained in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

75.     The allegations contained in paragraph 75 constitute legal conclusions to which no response is required; further, Turner denies Plaintiffs' were ever Turner employees and also denies any individual, collective or joint and several liability to Plaintiffs.

76.     Turner admits that Plaintiffs purport to bring this action on behalf of themselves and other persons, but denies that there is any basis in law or fact for such claims.

77.     Turner denies the allegations contained in paragraph 77 of the Complaint.

78.     Turner denies the allegations contained in paragraph 78 of the Complaint.

79.     Turner denies the allegations contained in paragraph 79 of the Complaint.

80.     Turner denies the allegations contained in paragraph 80 of the Complaint.

81.     Turner denies the allegations contained in paragraph 81 of the Complaint.

82.     Turner admits that Plaintiffs purport to bring this action on behalf of themselves and other persons, but deny that there is any basis in law or fact for such claims.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## FIRST CLAIM FOR RELIEF
### (Breach of Contract against the Whitestone Companies)

83.     Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

84.     The allegations contained in paragraph 84 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

85.     The allegations contained in paragraph 85 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

86.     The allegations contained in paragraph 86 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

87.     The allegations contained in paragraph 87 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

88.     The allegations contained in paragraph 88 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.


## SECOND CLAIM FOR RELIEF
### (Third Party Beneficiary Claim for Prevailing Wages against all Defendants

89.     Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

90.     Turner denies the allegations contained in paragraph 90 of the Complaint.

91.     Turner denies the allegations contained in paragraph 91 of the Complaint.

92.     Turner denies the allegations contained in paragraph 92 of the Complaint.

93.     The allegations contained in paragraph 93 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

94.     The allegations contained in paragraph 94 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

95.     The allegations contained in paragraph 95 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

96.     Turner denies the allegations contained in paragraph 96 of the Complaint.

97.     Turner denies the allegations contained in paragraph 97 of the Complaint.

98.     Turner denies the allegations contained in paragraph 98 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Third Party Beneficiary Claim for Union Wages against the Whitestone Defendants, Tishman and Verizon)

99.     Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

100.    The allegations contained in paragraph 100 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.



LAW OFFICES

Peckar &
Abramson
A Professional Corporation

101.     The allegations contained in paragraph 101 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

102.     The allegations contained in paragraph 102 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

103.     The allegations contained in paragraph 103 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

104.     The allegations contained in paragraph 104 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

105.     The allegations contained in paragraph 105 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

106.     The allegations contained in paragraph 106 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

107.     The allegations contained in paragraph 107 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

108.     The allegations contained in paragraph 108 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

109.     The allegations contained in paragraph 109 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

## FOURTH CLAIM FOR RELIEF
### (NYMWA against the Whitestone Defendants)

110.     Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

111.     The allegations contained in paragraph 111 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

112.     The allegations contained in paragraph 112 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

## FIFTH CLAIM FOR RELIEF
### (Portal to Portal Act against the Whitestone Defendants)

113.     Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

114.     The allegations contained in paragraph 114 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.



LAW OFFICES

Peckar &
Abramson

A Professional Corporation

115.    The allegations contained in paragraph 115 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

116.    The allegations contained in paragraph 116 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

## SIXTH CLAIM FOR RELIEF
### (FLSA against the Whitestone Defendants)

117.    Turner repeats and incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

118.    The allegations contained in paragraph 118 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

119.    The allegations contained in paragraph 119 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

120.    The allegations contained in paragraph 120 pertain to non-Turner Defendants on whose behalf Turner is not required to respond; to the extent that a response is required, Turner denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### SECOND AFFIRMATIVE DEFENSE

The claims of the named Plaintiffs and some or all allegedly similarly situated persons are barred by the applicable statute(s) of limitations and/or repose, including, but not limited to 29 U.S.C. § 255.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly the subject of a collective action pursuant to 29 U.S.C. § 216(b) because they are not similarly situated.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations set forth in the Complaint should be stricken and dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Turner opposes class certification and disputes the propriety of class treatment under the FLSA and/or Rule 23.  If the Court certifies a class in this case, Turner asserts the affirmative defenses set forth herein against each and every member of the certified class.

### SIXTH AFFIRMATIVE DEFENSE

At all times, Turner acted in good faith and in conformity with interpretations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* made by the Wage and Hour Division of the U.S. Department of Labor.

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged violations of the FLSA were not willful and, therefore, any claims for overtime pay by Plaintiffs that occurred more than two years prior to the date Plaintiffs filed the Complaint or the date any similarly situated employee opts-in to this civil action

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

are barred by the two-year statute of limitations provided in 29 U.S.C. §255.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINTH AFFIRMATIVE DEFENSE

Actions taken by Turner with respect to Plaintiffs and/or any allegedly similarly situated employees were taken in good faith and with reasonable grounds to believe such conduct comported with the FLSA and Portal-to-Portal Act, including 29 U.S.C. §§203(o), 207 and 254.

## TENTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 207, Turner is entitled to statutory credit toward any overtime compensation sought by Plaintiff and/or any allegedly similarly situated employees for any overtime payments that other Defendants may have already made during the relevant time period.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of any allegedly similarly situated employees are barred to the extent that they are pre-empted by §301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs and/or any allegedly similarly

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. §207(e) must likewise be excluded from the calculation of any overtime rate of pay which may be found to be due Plaintiffs and/or any allegedly similarly situated employee.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel and laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

Turner is not an Employer with respect to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Turner reserves the right to plead other affirmative defenses that may become known during discovery in this case.

**WHEREFORE,** Turner requests judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and requests judgment in favor of Turner, together with their costs and disbursements, and any other relief this Court may deem just and proper.



LAW OFFICES

Peckar &
Abramson

A Professional Corporation

## CROSS-CLAIMS OF TURNER CONSTRUCTION COMPANY AGAINST

1.      Turner Construction Company ("Turner") is a corporation organized under the laws of the State of New York and doing business in both New York and New Jersey.

2.      Upon information and belief Defendants Whitestone Construction Corp., Whitestone Construction SVC., 59th Street Realty, Inc., Astor Realty Corp., Bel-I Realty Corp., Tinron Enterprises Inc., Durabuild Enterprises, Inc., Durabuild Contracting Corp. and Citywide Environmental Services, LLC (collectively "Corporate Cross-Claim Defendants") are New Jersey Corporations who perform construction work within the State of New Jersey.

3.      Upon information and belief Defendants Boris Grzic, Claudia Grzic, Steven Grzic, Christine Grzic, Virginia Papa, Duriusz Krupa and Jozef Nowak (collectively "Individual Cross-Claim Defendants") are individuals who own, manage or control the Corporate Cross-Claim Defendants and reside within the state of New Jersey.

4.      Provided that the Court has jurisdiction over Plaintiffs' claims against Turner, then the Court also has jurisdiction over these cross-claims pursuant to the Federal Rules of Civil Procedure and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## COUNT ONE
## BREACH OF CONTRACT

5.      Turner repeats and re-alleges each and every allegation contained in paragraphs 1 through 4 of the Cross-Claim as if fully set forth herein.

6.      Upon information and belief, any agreements between Turner and the Corporate Cross-Claim Defendants pertaining to work performed by Plaintiffs which led to the claims asserted in the Complaint also included an obligation on the Cross-Claim Defendants' part to comply with all contractual and statutory obligations regarding their workforce.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

7.      Although Turner denies knowledge of any failure by Corporate Cross-Claim Defendants to pay required wages and benefits to the Plaintiffs, to the extent that Plaintiffs make and/or prove any such claim, Corporate Cross-Claim Defendants' failures constitute a breach of contract with Turner.

8.      Plaintiffs assert that the Individual Cross-Claim Defendants are personally liable under various theories asserted in the Complaint and should those claims be established, Individual Cross-Claim Defendants would likewise be personally liable to Turner for breach of contract.

## COUNT TWO
## CONTRACTUAL INDEMNITY

9.      Turner repeats and re-alleges each and every allegation contained in paragraphs 1 through 8 of the Cross-Claim as if fully set forth herein.

10.     Upon information and belief, any agreements between Turner and Corporate Cross-Claim Defendants pertaining to work performed by Plaintiffs which led to the claims asserted in the Complaint also included an obligation on the Corporate Cross-Claim Defendants' part to indemnify and hold Turner harmless against such claims and to reimburse Turner for all defense costs incurred as a result of claims asserted against Turner.

11.     Although Turner denies knowledge of any failure by Corporate Cross-Claim Defendants to pay required wages and benefits to the Plaintiffs, to the extent that Plaintiffs make and/or prove any such claim, Corporate Cross-Claim Defendants' failures require them to indemnify and hold Turner harmless regarding such failures.

12.     Plaintiffs assert that the Individual Cross-Claim Defendants are personally liable under various theories asserted in the Complaint and should those claims be established,

Individual Cross-Claim Defendants would likewise be personally liable to Turner for contractually indemnity.

**COUNT THREE**
**COMMON LAW INDEMNITY**

13.     Turner repeats and reasserts each and every allegation of paragraphs 1 through 12 of the Cross-Claim as if fully set forth herein.

14.     Although Turner denies any liability to Plaintiffs for any of the claims asserted in the Complaint, to the extent that Turner is liable to Plaintiffs for such claims, such liability arises out of and as a result of the acts or omissions of the Corporate Cross-Claim Defendant and the Individual Cross-Claim Defendants and, therefore, these Defendants would likewise be liable to Turner.

**WHEREFORE,** Turner Construction Company demands judgment in its favor against the Corporate Cross-Claim Defendants and the Individual Cross-Claim Defendants, jointly and severally, in connection with the claims asserted by Plaintiffs in this action, together with interest, costs, reasonable attorneys' fees and such other and further relief that the Court deems just and proper.

**PECKAR & ABRAMSON, P.C.**
Attorneys for Defendant
Turner Construction Company


By: /s/ Gregory R. Begg
    Gregory R. Begg, Esq. (GB-0822)

Dated:  April 5, 2011

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

## CERTIFICATION OF SERVICE

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer to the Second Amended Complaint to be served, via ECF service, upon the following individuals:

Robert Wisniewski, Esq.
Robert Wisniewski & Associates, P.C.
225 Broadway, Suite 1020
New York, NY 10007
212-267-2101

Robert Baravecchio, Esq.
Mathew T. Miklave, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
212-351-4764

Neal M. Eisenman, Esq.
Timothy B. Commiskey, Esq.
Goetz Fitzpatrick, LLP
One Penn Plaza, Suite 4401
New York, NY 10119
212-695-8100

PECKAR & ABRAMSON, P.C.
Attorneys for Defendant
Turner Construction Company

By: /s/ Gregory R. Begg  (GB-0822
        Gregory R. Begg (GB-0822)

Dated:  April 5, 2011

LAW OFFICES

Peckar &
Abramson

A Professional Corporation